SAMUEL H. SMITH, complainant,

v.

RECKER LUGGAGE CORPORATION, a corporation of New Jersey, defendant.

[Decided September 26th, 1924.]

**Accounting—Royalties Due Complainant—Allowance Made—Certified Public Accountant.**

*Messrs. Osborne, Cornish & Scheck,* for the complainant.

*Mr. Theodore G. Hindenlang,* for the defendant.

FOSTER, V. C.

Application is made on behalf of the defendant to open the final decree in this cause on the ground of mistake, the alleged mistake being the fact that the master is claimed to have erroneously reported the amount of royalties due complainant from the defendant, and the further mistake is alleged that the solicitor for the defendant assumed that inasmuch as the allowance to the certified accountant would have to be fixed by the chancellor, that he would receive notice of any application that might be made for that purpose, and when he did that he would then have an opportunity to file exceptions to the master's report. He received no notice of the application to fix the allowance to the certified accountant, and upon the chancellor making such allowance the sum was embodied in the decree and the decree was duly entered. The solicitor for the defendants claims that this deprived him of an opportunity to take exceptions to the master's report, and also deprived him of an opportunity to object to the amount of the allowance made to the certified accountant, and he, therefore, filed a petition to open the final decree.

When this matter came before me on September 24th I informed counsel that the application to open the decree on the ground of his objection to the amount of the allowance made to the certified accountant would have to be addressed to the chancellor personally, and I also at that time requested counsel to submit to me the evidence from the record which sustained his contention that the master had made a mistake in the amount of royalties allowed.

And I further stated that if I found the evidence to sustain his contention I might then conclude to advise the opening of the decree.

I have considered the evidence to which counsel for both parties referred, and I do not find the evidence to sustain defendant's contention, and, therefore, find nothing to justify the opening of the decree, and the motion to open the same will be denied.

Application was made at the same time by complainant, on petition, for an order to issue execution in these proceedings to obtain the payment of the amount of the decree in favor of the complainant, and I have this day filed complainant's petition and advised the order requested.